Jamie Rudman (SBN 166727)
 rudman@sanchez-amador.com
SANCHEZ & AMADOR, LLP
1300 Clay Street, Suite 600
Oakland, California 94602
(510) 788-8700 Tel
(510) 788-8701 Fax

Attorneys for Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Bryon Jackson, | Case No. 3:19-cv-07990-JCS |
| Plaintiff, | The Hon. Joseph C. Spero |
| v. | **ANSWER OF WELLS FARGO BANK, N.A., TO COMPLAINT** |
| Wells Fargo Inc., Ashley K. Lown, | |
| Defendant. | |

    Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Wells Fargo Bank, N.A. (erroneously sued as Wells Fargo Inc.) ("Wells Fargo") answers the Complaint of Plaintiff ("Plaintiff") (Dkt. No. 1) as follows:

    1.    Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and can therefore neither admit nor deny such allegations.

    2.    In response to Paragraph 2 of the Complaint, Wells Fargo admits that it maintains a facility located at 45 Fremont Street, Floor 30, San Francisco, CA 94105.

    3.    Paragraph 3 of the Complaint does not state an allegation for which a response is

required. To the extent an answer is required, Wells Fargo denies the allegations.

4. In response to Paragraph 4 of the Complaint, Wells Fargo denies that it terminated Plaintiff's employment. Plaintiff was not an employee of Wells Fargo.

5. Wells Fargo denies the allegations in Paragraph 5.

6. Wells Fargo denies the allegations in Paragraph 6.

7. Wells Fargo denies the allegations in Paragraph 7.

8. Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and can therefore neither admit nor deny such allegations.

9. Wells Fargo denies the allegations in Paragraph 9. Answering further, Plaintiff fails to attach any purported Notice-of-Right-to-Sue letter and Wells Fargo is informed and believes that no such letter exists.

10. Paragraph 10 does not state an allegation for which a response is required. To the extent an answer is required, Wells Fargo denies the allegations.

11. In response to paragraph 11 of the Complaint, Wells Fargo denies that Plaintiff is entitled to the relief sought in the Complaint or to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's Complaint (Dkt. No. 1), Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

Plaintiff's claims are barred, in whole or in part, because of his unreasonable failure to avail himself of his actual employer's measures to prevent and correct any discrimination, harassment and retaliation, the use of which would have prevented any harm Plaintiff claims to have suffered.

THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

Plaintiff has failed to exhaust his administrative remedies as required by Title VII of the Civil Rights Act, and by California law.

FOURTH AFFIRMATIVE DEFENSE

(After Acquired Evidence)

Plaintiff's claims are barred, in whole or in part, or in the alternative, Plaintiff's claims for relief, including economic damages, should be denied and/or limited pursuant to the doctrine of after-acquired evidence.

FIFTH AFFIRMATIVE DEFENSE

(Legitimate Non-Discriminatory Reasons)

Wells Fargo's actions and statements, and those of all persons acting on its behalf, Defendant alleges, were justified, in good faith, and for legitimate, non-discriminatory, non-harassing, non-retaliatory reasons.

SIXTH AFFIRMATIVE DEFENSE

(No Authorization or Ratification)

Any unlawful or wrongful acts, if any, taken by any agent or employee of Wells Fargo were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Wells Fargo.  In addition, Wells Fargo did not know, nor should it have known of any such acts.

SEVENTH AFFIRMATIVE DEFENSE

(No Employment Relationship)

Plaintiff's claims against Wells Fargo fail because it had no employment relationship with Plaintiff.

EIGHTH AFFIRMATIVE DEFENSE

(Prompt and Appropriate Corrective Action)

Plaintiff's claims are barred because Wells Fargo took prompt and appropriate corrective action in response to any complaints or stated concerns by or regarding Plaintiff, if there were any,

thereby satisfying all legal obligations it had.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Wells Fargo alleges that Plaintiff failed to mitigate his damages, if any, and any award must be commensurately reduced or barred.

## TENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Complaint, and each purported cause of action therein, is barred by the doctrine of unclean hands.

## **PRAYER**

WHEREFORE, Defendant Wells Fargo prays that:

1. The Complaint be dismissed, with prejudice and in its entirety;

2. Plaintiff take nothing by reason of his Complaint;

3. Judgment be entered against Plaintiff and in favor of Wells Fargo;

4. Wells Fargo be awarded its attorneys' fees and costs of suit incurred herein for the filing of a frivolous action; and

5. Wells Fargo be awarded such other and further relief as the Court may deem just and proper.

DATED:  December 26, 2019

SANCHEZ & AMADOR, LLP

Jamie Rudman
Attorneys for Wells Fargo Bank, N.A.